**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| MEDICAL MATRIX, LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07-545 |
| UNITED STATES, | ) | (Judge Allegra) |
| | ) | |
| Defendant, | ) | |
| | ) | |
| SXC HEALTH SOLUTIONS, INC., | ) | |
| | ) | |
| Movant for Intervention. | ) | |

**SXC's MOTION TO INTERVENE**

Pursuant to RCFC 24, SXC Health Solutions, Inc. ("SXC") respectfully requests that it be permitted to intervene in this bid protest.

In this bid protest, Medical Matrix, LLP ("Medical Matrix") challenges the award of a contract under Request for Proposals No. 741-07-05 ("RFP") for services related to pharmaceutical benefit claims. SXC is the awardee of that contract. Medical Matrix contends that the decision to award to SXC was contrary to the RFP, in part because SXC allegedly lacks certain experience required by the RFP. The U.S. Government Accountability Office ("GAO") specifically reviewed, and rejected, those claims in an opinion issued more than a month ago.

SXC should be permitted to intervene in this action as a matter of right. RCFC 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is

> the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

SXC is clearly an "interested party" for purposes of that Rule, as well as under the applicable jurisdictional statute, 28 U.S.C. § 1491 (b) (1). Generally, parties "whose direct economic interest would be affected by the award of the contract or by failure to award the contract" qualify as interested parties and are permitted to intervene in bid protests under RCFC 24. *Galen Medical Associates, Inc. v. United States*, 56 Fed. Cl. 104, 108 (2003) (quoting *American Federation of Government Employees v. United States*, 258 F.3d 1294, 1299- 1302 (Fed. Cir. 2001)). Not only does this Court regularly permit contract awardees to intervene in bid protest actions (e.g., *CIGNA Government Services, LLC v. United States*, 70 Fed. Cl. 100, 109 (2006); *Four Points By Sheraton v. United States*, 66 Fed. Cl. 776, 777-78 (2005); *International Resource Recovery, Inc. v. United States*, 60 Fed. Cl. 1, 1 & n.2 (2004)), SXC's interest in the contract fully justifies allowing intervention in this case.

Although the Government will presumably defend this bid protest in a zealous manner, SXC is in the best position to describe to the Court the harm it will suffer in the event the Court were to disagree with the GAO's previous finding and rule that the contract was awarded in an improper manner. Moreover, SXC's business interests as the awardee are not necessarily identical with, and may differ from, the United States' institutional interest in this matter.

For the reasons explained above, SXC respectfully urges the Court to grant its motion to intervene in this bid protest.

Respectfully submitted,

s/ Marcia G. Madsen

MARCIA G. MADSEN
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
(202) 263-3300 Facsimile

Of Counsel:

DAVID F. DOWD
LUKE LEVASSEUR
ROGER D. WALDRON
MAYER, BROWN, ROWE & MAW LLP
Washington, D.C. 20006

*Counsel for Movant/Intervenor, SXC Health Solutions, Inc.*
July 20, 2007